# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3274

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Ronald Bruner,                     *
                                   *          [UNPUBLISHED]
          Appellant.               *


_____

Submitted:  May 7, 1997

Filed: May 13, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.


Ronald Bruner appeals the 192-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Bruner challenges the court's reliance on a codefendant's testimony in determining that the government had supported the presentence report's drug-quantity calculations by a preponderance of the evidence.

We conclude the district court properly considered the codefendant's testimony and did not clearly err in its drug- quantity finding.  See U.S. Sentencing Guidelines Manual § 6A1.3(a)

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

(1995) (court may consider any relevant evidence in its sentencing determination as long as it has "sufficient indicia of reliability to support its probable accuracy"); U.S. Sentencing Guidelines Manual § 2D1.1 comment. (n.12) (1995) (drug quantities not specified in count of conviction may be considered in determining offense level; where there is no drug seizure or amount seized does not reflect scale of offense, court must approximate drug quantity); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (standard of review for drug-quantity finding). The court acknowledged the codefendant's incentive to be untruthful, and nonetheless found his testimony credible. See Adipietro, 983 F.2d at 1472 (court's credibility findings are virtually unassailable on appeal).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.